FILED

2005 Feb-07  PM 04:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

05 FEB -3  PH 4: 23

WILLIAM H. EASTRIDGE

    Plaintiff,

vs.

NORFOLK SOUTHERN CORPORATION, a corporation; NORFOLK SOUTHERN RAILWAY COMPANY, a corporation,

    Defendants.

CV-05-CO-0248-W

## COMPLAINT

COMES NOW the Plaintiff in the above-styled cause, by and through his attorney of record, Tom Dutton, and brings this action against defendants, Norfolk Southern Corporation, a corporation, and Norfolk Southern Railway Company, a corporation; and for causes of action against the defendants, alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1.    Plaintiff, William H. Eastridge (hereinafter "Mr. Eastridge"), at all times relevant hereto, has resided in Knoxville, Tennessee, and is over the age of nineteen (19). Mr. Eastridge is a citizen of a state different from the state of incorporation or principal place of business of the defendants against which he asserts claims. Mr. Eastridge's claims exceed the amount of Seventy-Five Thousand and 00/100's Dollars ($75,000.00), exclusive of interest and costs.  Accordingly, this Court has jurisdiction over these claims and parties pursuant to 28 U.S.C.A. § 1332.  (Diversity is "complete.")

2.    This action is brought under and is governed by the provisions of the Acts of Congress of the United States generally referred to as the Federal Employers Liability Act, 45 U.S.C. § 51, et seq.

3.      Defendants, Norfolk Southern Corporation, a corporation; Norfolk Southern Railway Company, a corporation (hereinafter "the defendants"), and their employees, including Mr. Eastridge, have at all times material to this action been subject to the provisions of the Federal Employers Liability Act.

4.      The defendants at all times material to this complaint, were corporations and a common carriers, by railroad, engaged in the business of operating a railroad for the transportation of freight for hire in interstate commerce.

5.      At all times referred to herein, Mr. Eastridge was an employee of the defendants, and was working within the line and scope of his employment for the defendants.

6.      A part of the duties of Mr. Eastridge in connection with his employment by the defendants was in furtherance of interstate commerce, or directly, closely, and substantially affecting such interstate commerce.

## FACTUAL ALLEGATIONS

7.      Mr. Eastridge is employed by the defendants as a locomotive engineer.   While Mr. Eastridge was so employed and engaged in the performance of his duties, he was continuously exposed to elements, including, but not limited to asbestos, diesel fumes, coal dust, and sand/silica.

8.      Mr. Eastridge avers that he has been permanently injured and damaged, during his employment, as a result of said exposures.

9.    Mr. Eastridge avers that the defendants failed to use reasonable care to provide him with a reasonable and safe place to work.

10.    Mr. Eastridge avers that the defendants failed to use reasonable care to provide him safe and suitable equipment upon which to perform his duties.

11.    Mr. Eastridge avers that he was caused to sustain and suffer all of his aforesaid injuries and damages as a proximate result, in whole or in part, of the negligence of the officers, agents or employees of the defendants while acting in the line and scope of their employment by the defendants, or by reason of a defect or insufficiency due to the negligence of the defendants, in its engines, cars, appliances, machinery, roadbed, works or other equipment.

12.    Mr. Eastridge avers that he was caused to sustain and suffer all of his aforesaid injuries and damages as a proximate result, in whole or in part, of the failure of the defendants to exercise reasonable care to furnish and maintain reasonably safe and suitable equipment and a reasonably safe place in which to perform his work for the defendants.

13.    During the course of Mr. Eastridge's employment, he was required to work in areas and around equipment where he was frequently and unnecessarily required to be exposed to elements, including but not limited to asbestos, diesel fumes, coal dust, and sand/silica.  The defendants, their officers, employees, and/or agents were guilty of one or more of the aforesaid negligent acts or negligent omission which gave rise to dangerous and hazardous conditions with caused or contributed to cause, in whole or in part, Mr. Eastridge's injuries and damages.

14.    Mr. Eastridge avers that as a result of the above-stated negligence of the defendants, he was injured and damaged as follows:

(a)     He suffered severe and permanent injury and damage to his lungs and body as a whole having been deemed totally and permanently disabled with interstitial lung disease with mediastinal adenopathy, silicosis with interstitial fibrosis, positive hypersensitivity pneumonitis; and asbestosis

(b)     He was caused to suffer great physical pain in the past and he will be caused to suffer great physical pain in the future;

(c)     He has suffered mental anguish and will be caused to suffer mental anguish in the future;

(d)     He was caused to undergo serious and painful medical care and treatment and to incur expenses, and he will be caused to undergo further such serious and painful medical care and treatment in the future and to incur expenses;

(e)     He was caused to lose time and wages from his employment in the past and will be caused to lose time and wages from his employment in the future; and

(f)     His power and capacity to work and earn money in the future has been permanently impaired.

## DEMAND FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Mr. Eastridge demands judgment against the defendants in a sum to be determined by a jury, which will fairly and adequately compensate him for injuries and damages sustained, together with interest from the date of injuries, and the costs of this proceeding.

TOM DUTTON
Attorney for the Plaintiff

OF COUNSEL:

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
1100 Park Place Tower
2001 Park Place North
Birmingham, Alabama  35203
Phone:  (205) 322-8880

## DEMAND FOR JURY TRIAL

A plaintiff hereby demands that all issues of fact in this case be tried to a properly impaneled jury.

_____
OF COUNSEL

## REQUEST FOR SERVICE

Pursuant to ARCP 4.1 and 4.2, Plaintiffs request service of the foregoing "Summons and Complaint" by certified mail.

_____
OF COUNSEL

PLAINTIFF'S ADDRESS:

3501 Peachwood Road
Knoxville, Tennessee 37921

DEFENDANT'S ADDRESS:

Norfolk Southern Corporation
c/o Crawford S. McGivaren, Jr.
2001 Park Place North
Suite 700
Birmingham, Alabama 35203

Norfolk Southern Railway Co.
c/o Crawford S. McGivaren, Jr.
2001 Park Place North
Suite 700
Birmingham, Alabama 35203